UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERTO HERNANDEZ RIVERA,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN et al.,<br>Respondents. | CASE NO. 2:26-cv-03996-DGE<br><br>ORDER DENYING PETITIONER'S EMERGENCY MOTION FOR TRO (DKT. NO. 2) |

Petitioner, proceeding pro se, filed a writ for habeas corpus on October 19, 2026 requesting release from his current detention at the Northwest ICE Processing Center in Tacoma, Washington. (Dkt. No. 1.) This Court previously issued an order following Petitioner's prior writ for habeas corpus requiring immediate release or a custody determination. *Hernandez Rivera v. Mullin*, No. 2:26-cv-02230-TMC, Dkt. No. 10 (W.D. Wash. July 22, 2026). Petitioner now argues the custody determination that followed on August 17, 2026 was insufficient, rendering his current confinement unlawful. (Dkt. No. 1.)

Petitioner has also filed an emergency motion for a Temporary Restraining Order ("TRO"). (Dkt No. 2.) He seeks an order (1) directing Respondents to release Petitioner immediately; (2) enjoining Respondents from re-detaining Petitioner while the action is pending (3) preventing Respondents from transferring Petitioner outside of this District while this action is pending, and (4) waiving security under Federal Rule of Civil Procedure 65(c). (*Id.* at 2, 15.) In the alternative, Petitioner requests Respondents provide him with a custody hearing before a neutral Immigration Judge where the Government bears the burden of justifying continued detention by clear and convincing evidence within seven days. (*Id.*)

Although Petitioner has raised serious questions regarding the lawfulness of his current detention, his request for immediate release from detention is the same relief ultimately sought by his habeas petition. As U.S. District Judge Cartwright explained in denying the same request at the TRO stage in *Nguyen v. Scott*:

> Because Petitioner's request for release from detention is the same relief ultimately sought by his habeas petition, the Court concludes that it falls outside the limited purpose of a TRO and should instead be decided either after a preliminary injunction hearing or through regular adjudication of the habeas petition itself.

2025 WL 2165995, at *7 (W.D. Wash. July 30, 2025); see also *Chavez v. Murray*, No. 1:25-CV-00198-HBK (HC), 2025 WL 1017678, at *2 (E.D. Cal. Apr. 4, 2025) (denying TRO motion requesting release from detention because this "is precisely the same ultimate relief sought in his underlying [habeas corpus] Petition.").

The Court agrees with this take. In general, the purpose of a TRO is to preserve the status quo pending full adjudication, not to grant the movant the same relief he would obtain if he prevailed on the merits. Before the Court may order Petitioner's release, Respondents must

be afforded time and opportunity to respond to his claims. *See Hamedani v. Bondi*, Case No. 2:25-cv-02509-JNW-TLF, Dkt. No. 4 (W.D. Wash. Dec. 12, 2025).

Accordingly, the Court DENIES Petitioner's emergency motion for a TRO (Dkt. No. 2). The Court reaffirms Respondents SHALL provide notice as directed in the Court's scheduling order (Dkt. No. 6) prior to removing or transferring Petitioner from this District. To the extent Petitioner asks for a different briefing schedule, the motion for TRO is DENIED because the Court finds no good cause to require a different return and traverse schedule than that already identified in the scheduling order.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 20th day of October, 2026.

David G. Estudillo
United States District Judge