UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERTO HERNANDEZ RIVERA,<br><br>Petitioner,<br>v.<br><br>MARKWAYNE MULLIN et al.,<br><br>Respondents. | CASE NO. 2:26-cv-03996-DGE<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) |

Before the Court is Petitioner's petition for writ of habeas corpus. (Dkt. No. 1.) For the following reasons, the Court GRANTS the petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

Petitioner, a 26-year-old citizen of Mexico, came to the United States on or about April 9, 2023. (Dkt. Nos. 1 at 6; 3 at 2.) Petitioner lived in Washington, Utah with his partner, Ana. (Dkt. Nos. 1 at 8, 12; 3 at 3.)

Petitioner has no criminal convictions. (Dkt. Nos. 1 at 2, 6; 3 at 2.)

On May 20, 2026, Petitioner was detained in Washington City, Utah by "287g Task Force Officers"[1] who conducted a traffic stop, after which it was determined that Petitioner did not have a valid driver's license. (Dkt. Nos. 1 at 6; 3 at 2; 11-1 at 12.) Immigration and Customs Enforcement ("ICE") took custody of Petitioner directly from the Washington County Jail on May 26, 2026. (Dkt. Nos. 1 at 6; 3 at 2.)

Petitioner has been detained at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington since May 26, 2026. (*Id.*)

Immigration Judge ("IJ") John Odell pretermitted Petitioner's application for relief from removal and ordered Petitioner removed on July 10, 2026. (Dkt. Nos. 11-1 at 14–15; 12 at 2.) Petitioner's immigration case is on appeal before the Board of Immigration Appeals ("BIA"). (Dkt. Nos. 1 at 8, 25; 3 at 3; 11-2 at 5; 12 at 2.)

Petitioner had previously filed a petition for writ of habeas corpus with this Court on June 26, 2026. *Hernandez Rivera v. Mullin*, Case No. 2:26-cv-02230-TMC, Dkt. No. 1 (W.D. Wash. June 26, 2026). There, United States District Judge Tiffany M. Cartwright granted Petitioner's petition on July 22, 2026, ordering Respondents to release Petitioner or provide him with a bond hearing. *Hernandez Rivera v. Mullin*, Case No. 2:26-cv-02230-TMC, 2026 WL 2111276, at *2 (W.D. Wash. June 26, 2026). The facts as stated in Judge Cartwright's order are incorporated into this order.

Petitioner then had a bond hearing on August 17, 2026. (Dkt. Nos. 1 at 2, 7; 3 at 3.) In advance of the hearing, the U.S. Department of Homeland Security ("DHS") submitted evidence in the form of Judge Cartwright's July 22, 2026 order granting habeas, an I-213, and the Tacoma

[1] Presumably, "287g" is a reference to 8 U.S.C. § 1357(g) which allows the Attorney General to enter into written agreements with local law enforcement "to perform a function of an immigration officer in relation to the investigation, apprehension, or detention of aliens…."

Immigration Court's July 10, 2026 order of removal. (Dkt. Nos. 10 at 2; 11-1.) Petitioner submitted evidence including the receipt of his BIA appeal and a "Bond Worksheet" containing some biographical information. (Dkt. No. 11-2.)

IJ Odell denied bond, finding Petitioner failed to show he is not a flight risk. (Dkt. Nos. 1 at 1, 7, 21–22; 11-3.) The only record of IJ Odell's decision is a copy of his order, which has a filled checkbox next to "Respondent has failed to show that he is not a Flight Risk." (Dkt. Nos. 1 at 21; 11-3 at 2.) Respondents state Petitioner did not file an appeal of this denial, which was due on September 16, 2026. (Dkt. No. 12 at 3.)

**B. Procedural Background**

Petitioner, proceeding pro se, filed a writ for habeas corpus on October 19, 2026. (Dkt. No. 1.) That same day, Petitioner filed an Emergency Motion for Temporary Restraining Order Barring Removal and Transfer. (Dkt. No. 2.) This Court denied Petitioner's Emergency Motion for a Temporary Restraining Order as moot as petitioner did not allege his removal was imminent and the Court's scheduling order required seven days' notice prior to any attempted transfer or removal. (Dkt. No. 7 at 3.)

Petitioner argues his August 17, 2026 bond hearing (1) violated his due process rights because the IJ failed to state the reasons for the denial and the evidence relied on (Dkt. No. 1 at 12); (2) unconstitutionally placed the burden of proving Petitioner was not a flight risk on Petitioner (*id.* at 11); and (3) was unsupported by the record (*id.* at 12).

Respondents filed a response to Petitioner's habeas petition on November 2, 2026. (Dkt. No. 10.) Respondents state Petitioner has not met his burden to demonstrate the Court should waive the prudential exhaustion requirement. (*Id.* at 2–9.) Respondents further state if the Court

were to reach the merits, Petitioner has not established a due process violation nor established the IJ abused his discretion. (*Id.* at 2, 9–13.)

## II. ANALYSIS

The petition presents a similar pattern to recent petitions this Court has granted: a detained noncitizen is left to wonder the reasons why an IJ denied their bond request as the IJ provided no reasoned explanation. Also familiar is the argument raised by Respondents that a detained individual should be required to exhaust administrative remedies to learn the reasons why their bond request was denied. *See Soriano v. Hernandez*, 830 F. Supp. 3d 1071 (W.D. Wash. 2026); *Vasquez v. Scott*, Case No. 2:26-cv-02515-DGE, 2026 WL 2285535 (W.D. Wash. Aug. 7, 2026); *Ascencio-Zetino v. Scott*, Case No. 2:26-cv-02856, 2026 WL 2686835 (W.D. Wash. Sept. 14, 2026); *Barragan Jimenez v. Hernandez*, Case No. 2:26-cv-02992-DGE, 2026 WL 2859168 (W.D. Wash. Sep. 23, 2026). For the same reasons identified in *Soriano*, *Vasquez*, *Ascencio-Zetino*, and *Barragan Jimenez*, the Court finds it has jurisdiction to review the present petition and waives any prudential exhaustion requirement.

Similarly, the Court finds the bond hearing in this case was constitutionally deficient. Here, IJ Odell abused his discretion by failing to provide any explanation as to his findings. Respondents provided no audio recording or transcript of this decision. Instead, the only record Respondents produce is a boilerplate bond denial order, stating Petitioner's request for custody redetermination was denied. (Dkt. No. 11-3.) The sole reason identified on this document for the IJ decision is a box checked next to "Respondent has failed to show he is not a Flight Risk." (*Id.* at 2.)[2] This Court has no record of whether the IJ applied the *Guerra* factors or whether the

[2] Respondents did not produce an audio recording or written transcript of the hearing, which means they have no knowledge as to the basis for the IJ's decision. As this Court has stated before, "[i]t cannot be that a noncitizen facing years of detention may only learn the reasons for

IJ applied the correct legal standard to the evidence presented at the bond hearing. *See In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006) (identifying the relevant factors an IJ is to consider in making bond determinations); *Barragan Jimenez*, 2026 WL 2859168, at *2 (collecting cases).

Here, in the evidence he submitted to the immigration court prior to the bond hearing, Petitioner presented several positive equities: he had been in the United States for over three years, he lived with his girlfriend in Washington, Utah, he had a history of employment, and he had no criminal record. (Dkt. No. 11-2 at 9–10.) Petitioner also identified to the IJ he had an appeal pending before the BIA for the immigration court's decision to remove him. (*Id.* at 5.) Based on these circumstances, Petitioner asserts there was no basis to conclude he was a flight risk. (Dkt. No. 1 at 12.) Respondents do not challenge any of Petitioner's assertions and offer no evidence of criminal convictions, history of fleeing from authorities, or other justification to support the flight risk finding.

As found in several other habeas cases brought before this Court, IJ Odell abused his discretion in denying Petitioner's bond as there is no indication whatsoever what, if any, factors were considered and weighed. *See Guerra*, 24 I. & N. Dec. at 40; *Barragan Jimenez*, 2026 WL 2859168 at *2 (collecting cases).

The Court therefore does not reach Petitioner's additional arguments raised in his petition.

---

his continued detention if he chooses to appeal an IJ's decision to the BIA, particularly when that appeal may prove futile. It is unclear how a detainee could even make an informed decision whether to appeal without knowing the IJ's reasons for finding them a flight risk or a danger to the community." *Ascencio-Zetino*, 2026 WL 2686835, at *4.

## III. ORDER

Based on the foregoing, the Court GRANTS Petitioner's petition for writ of habeas corpus (Dkt. No. 1), and further ORDERS:

1. Respondents and all their officers, agents, attorneys, and persons acting on their behalf or in concert with them SHALL release Petitioner from custody within **ONE (1) DAY** of this Order subject to reasonable conditions of supervised release.
2. Petitioner SHALL NOT be re-detained, absent urgent circumstances or a clear legal basis for detention, without first providing pre-deprivation notice and an opportunity to be heard in front of an immigration judge.
3. Within **TWENTY-FOUR (24) HOURS** of this Order, Respondents SHALL provide the Court with a declaration confirming Petitioner has been released from custody.

The Clerk is directed to calendar this event, close the matter, and send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 5th day of November, 2026.

David G. Estudillo
United States District Judge